

# NUMBER 13-25-00231-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE ANDRES LEON,                                            **Appellant,**

**v.**

CITY OF CORPUS CHRISTI,                                   **Appellee.**

## ON APPEAL FROM THE 347TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Jose Andres Leon appeals arguing the trial court improperly granted appellee City of Corpus Christi's (Corpus Christi) plea to the jurisdiction because he cured the defects in his pleading. We hold Leon's original petition failed to show a waiver of immunity as to certain claims but that he effectively alleged a negligence claim against

Corpus Christi for which the Texas Tort Claims Act (TTCA) waives immunity because we look at the nature of pleadings rather than a plaintiff's labels. Accordingly, we reverse the trial court's judgment in part, affirm in part, and remand for further proceedings.

## I.     BACKGROUND

This appeal arises from a car accident that occurred on September 29, 2022. Leon alleged he was traveling west on FM 2444 in Nueces County when Ruben Rene Lopez, driving in the scope and course of his employment with Corpus Christi, attempted to turn left at an intersection as the traffic light turned red. The vehicles collided at the intersection, allegedly causing injuries to Leon.

Leon filed suit on August 7, 2024. His original petition asserted causes of action for negligence, negligence per se, and gross negligence, identifying Lopez as a "defendant" though he was not named as a party or served. Leon also alleged negligent entrustment and gross negligence claims against Corpus Christi directly. Corpus Christi filed its original answer asserting governmental immunity and other affirmative defenses. No citation was ever issued for Lopez, and he did not make an appearance.

Corpus Christi then filed its plea to the jurisdiction arguing Leon failed to plead any waiver of immunity in his petition and that there is no waiver of immunity for negligent entrustment, gross negligence, or exemplary damages. Leon amended his petition on February 3, 2025, removing the negligent entrustment and gross negligence claims against Corpus Christi and instead asserting, more directly, that the negligence and negligence per se claims were against Corpus Christi, the only listed defendant in the style and identification of parties in the pleading. Leon's recitation of the facts in his original pleading made clear Lopez "was driving in the course and scope of his

2

employment of [Corpus Christi]." In response, Corpus Christi amended its plea to the jurisdiction to argue the statute of limitations had passed on September 29, 2024, and, because Leon did not amend his petition to bring claims for negligence related to use of a motor vehicle against Corpus Christi until after that date, such claims were barred by limitations. Leon responded by arguing his amended pleadings were merely a "clarification of the prior claims" and should relate back to the original filing date in August 2024 because they arose out of the same transaction or occurrence.

On February 7, 2025, the trial court held a hearing on the amended plea to the jurisdiction. At the hearing, Corpus Christi reiterated Leon's failure to reference any waiver of immunity in his original petition and argued Leon failed to assert any claims for which there was a statutory waiver until after the statute of limitations passed. Because of this, Corpus Christi asserted there was a jurisdictional defect at the time limitations passed and that the relation-back doctrine cannot cure a jurisdictional defect present at the suit's inception.

Leon responded that Corpus Christi was the only defendant named in the caption of his original petition and Lopez was not a party to the suit. He further argued he sent a pre-suit letter to Corpus Christi putting it on notice of the negligence claims and that Lopez was never intended to be a party. Further, under the relation-back doctrine, Leon contended his claims arose out of the same occurrence and he amended his petition merely "to make things clearer." Corpus Christi responded that Leon's original petition clearly identified Lopez as a separate defendant with separate causes of action. The trial court granted Corpus Christi's plea on February 11, 2025.

Leon filed a motion for reconsideration arguing he should be allowed to amend to

correct pleading defects unless the defect is incurable. He argued that he cured the defects regarding parties and his case should be allowed to proceed. Corpus Christi responded that Leon failed to raise any new legal argument meriting reconsideration. The trial court held a hearing on this motion on March 21, 2025, where Leon argued he had simply added a different cause of action against the same defendant already in the suit.

The trial court denied Leon's motion on March 25, 2025. This appeal followed.

## II.     ANALYSIS

The parties do not dispute Leon's suit as currently pled contains causes of action for which the Texas Legislature waived Corpus Christi's sovereign immunity. Instead, the parties dispute whether Leon's original petition only asserted valid causes of action against Lopez and whether Leon's amendments after the statute of limitations to assert these causes against Corpus Christi can relate back to the original filing date.

## A.     Standard of Review

"A plea to the jurisdiction challenges the existence of subject matter jurisdiction; that is, the court's power to decide the case." *Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024) (per curiam) (citing *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015)). "The trial court's ruling on a plea to the jurisdiction is a question of law we review de novo." *Id.* (citing *Hou. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016)). In de novo review, we give no deference to the trial court's decision. *In re Est. of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)).

Leon bore the initial burden to plead facts affirmatively demonstrating the trial court's jurisdiction. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex.

4

2019). Jurisdiction can then be challenged based either on the pleadings or on the existence of jurisdictional facts. *Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022). We construe pleadings liberally in favor of the pleader and Leon "should be afforded the opportunity to amend" if the challenged jurisdictional defect may be cured with further factual allegations. *Tex. Tech Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024). We cannot sustain a plea to the jurisdiction if the pleadings generate a fact question. *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam); *City of Corpus Christi v. Muller*, No. 13-18-00443-CV, 2019 WL 2384162, at *1 (Tex. App.—Corpus Christi–Edinburg June 6, 2019, no pet.) (mem. op.).

However, it is foundational that the "party suing the governmental entity bears the burden of affirmatively showing waiver of immunity." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). This can be shown "either by reference to a statute or to express legislative permission." *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Thus, Leon can only survive a plea to the jurisdiction "by showing that the statute 'clearly and affirmatively waive[s] immunity' and by also 'negating any provisions that create exceptions to, and thus withdraw, that waiver.'" *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024) (alteration in original) (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867 (Tex. 2023)). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing [Leon] an opportunity to amend." *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

## B. Applicable Law

"Sovereign immunity includes two distinct principles, immunity from suit and

5

immunity from liability." *Id.* at 224. "[I]mmunity from suit deprives a court of subject matter jurisdiction." *Id.* Corpus Christi, as a political subdivision of the State, is generally immune from suit unless immunity has been clearly and unambiguously waived by the Legislature. *See* TEX. GOV'T CODE § 311.034; *City of Houston v. Hou. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018). The TTCA establishes governmental units such as Corpus Christi are liable for harm proximately caused by "the wrongful act or omission or the negligence of an employee acting within his scope of employment if" arising from the operation or use of a motor vehicle. TEX. CIV. PRAC. & REM. CODE §§ 101.021(1)(A), .025. It is important to note "the [TTCA] does not create a cause of action; it merely waives sovereign immunity as a bar to a suit that would otherwise exist." *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997).

This Court previously concluded that limitations "is a jurisdictional requirement for claims brought against a governmental entity." *Tucker v. City of Corpus Christi*, 622 S.W.3d 404, 407 (Tex. App.—Corpus Christi–Edinburg 2020, pet. denied) (citing *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012)). Personal injury negligence claims have a two-year limitations period. TEX. CIV. PRAC. & REM. CODE § 16.003. "The two-year limitations period is a statutory requirement that must be met before suit is filed." *Tucker*, 622 S.W.3d at 407. However,

> [i]f a filed pleading relates to a cause of action . . . that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

TEX. CIV. PRAC. & REM. CODE § 16.068.

6

**C.     Discussion**

The primary consideration in this matter is the effect of Leon's original petition filed prior to limitations running. In his original petition, Corpus Christi is the only named defendant in the caption, the only served defendant, and the factual background described Lopez as "driving in the course and scope of his employment." Meanwhile, the petition refers to Lopez as a defendant and alleges negligence as a cause of action against him, but Lopez is not otherwise named as a party to the suit.

As an initial matter, it is clear the Texas Legislature did not waive immunity for negligent entrustment claims. *See Campos v. Nueces County*, 162 S.W.3d 778, 787–88 (Tex. App.—Corpus Christi–Edinburg 2005, pet. denied); *Waldon v. City of Longview*, 855 S.W.2d 875, 880 (Tex. App.—Tyler 1993, no pet.). Further, the TTCA expressly bars the recovery of exemplary damages. TEX. CIV. PRAC. & REM. CODE § 101.024. Therefore, Leon failed to affirmatively show a valid waiver of immunity as to these claims on the face of his pleading. *See Maspero*, 640 S.W.3d at 528; TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A). The trial court's dismissal of these claims for lack of jurisdiction is therefore affirmed.

The crux of this appeal is whether Leon's original petition sued a governmental entity when it asserted negligence on part of the governmental employee in the course and scope of his employment—which would grant subject-matter jurisdiction—or if the original petition only directed that claim against Lopez, creating a nullity and precluding the attempted cure of pleading deficiencies. *See Dallas County v. Lewis*, No. 05-25-00271-CV, 2025 WL 2783559, at *7 (Tex. App.—Dallas Sept. 5, 2025, no pet.) (mem. op.) (noting "[t]he relation-back doctrine cannot be used to create jurisdiction where none

7

existed"); *Goss v. City of Houston*, 391 S.W.3d 168, 175 (Tex. App.—Houston 2012, no pet.) (noting that if the trial court lacked jurisdiction over the original suit, the "original petition was a nullity and could neither toll limitations nor create subject matter jurisdiction" over the amended petition). Leon appeared to concede his pleadings were mistaken because he amended his petition in February 2025 to clarify his negligence claims were specifically against Corpus Christi. But Leon argues the relation-back doctrine renders his amended petition timely. *See* TEX. CIV. PRAC. & REM. CODE § 16.068. Conversely, Corpus Christi contends this amendment was untimely because limitations had run and the original petition never created proper jurisdiction to which Leon could relate back. *See Tucker*, 622 S.W.3d at 407; *Goss*, 391 S.W.3d at 175.

The Texas Supreme Court has consistently directed courts to "look not merely to the labels chosen by the plaintiff but instead to the gravamen of the facts alleged to determine how to treat the claim." *Pitts v. Rivas*, 709 S.W.3d 517, 523 (Tex. 2025); *see B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 283 (Tex. 2017) ("The gravamen of a claim is its true nature, as opposed to what is simply alleged or artfully pled, allowing courts to determine the rights and liabilities of the involved parties."). While this rule is typically applied in instances where a plaintiff uses artful pleading "to avoid a litigation hurdle such as the statute of limitations," we apply it here to discern the nature of Leon's claims and "determine the rights and liabilities of the involved parties." *Steak N Shake Operations, Inc.*, 512 S.W.3d at 283; *see also CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528 (Tex. 2016) (holding same in health care liability context); *City of Watagua v. Gordon*, 434 S.W.3d 586 (Tex. 2014) (holding same in excessive force context); *Coe v. DNOW LP*, 718 S.W.3d 338 (Tex. App.—Houston [14th Dist.] 2025)

8

(holding same in preemption context). Therefore, we review the facts Leon alleged to determine how to treat his claims.

Despite labeling his negligence claim against Lopez as a "defendant," Leon did not name Lopez as a defendant in the caption or attempt to serve him with the petition. Examining "the gravamen of the facts" as we must do, we note Leon alleged that Lopez was "driving in the course and scope of his employment" for Corpus Christi and committed a negligent act while doing so. *Pitts*, 709 S.W.3d at 523. Additionally, we observe the record shows a citation was requested and issued only for Corpus Christi, supporting such a reading of Leon's original petition. The allegation that a governmental unit's employee committed a negligent act using a motor vehicle waives immunity from suit against that governmental unit. TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A).

Further, the Texas Supreme Court has held "all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the TTCA]' for purposes of section 101.106."[1] *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) (quoting *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997)). Therefore, alleging Corpus Christi's employee was negligent while driving for Corpus Christi is treated as under the purview of the TTCA. *See id.* The Texas Supreme Court has also already held in the inverse of this case, where a governmental unit is substituted as defendant for a claim against its employee, that "there was no change in the real party in interest" and the unit accordingly "cannot prevail on its defense of limitations." *Univ. of Tex. Health Sci. Ctr. at S.A. v. Bailey*, 332 S.W.3d 395, 402 (Tex. 2011).

---

[1] Section 101.106 bars relief against a governmental unit if suit is filed against the employee only, and vice versa. TEX. CIV. PRAC. & REM. CODE § 101.106(a), (b).

While there is a clear preference that a plaintiff's original petition explicitly reference the basis for waiver, this rule does not bar a claim if the plaintiff eventually makes the proper reference. *See Jones*, 8 S.W.3d at 638. Leon's amended petition subsequently referred to the proper statutory waiver in response to the plea to the jurisdiction, as he is permitted to do. *See Martinez*, 691 S.W.3d at 419. Accordingly, despite the labeling, and construing the pleadings liberally for Leon as we are required to do, we treat the negligence claim in Leon's original petition as a negligence claim against Corpus Christi. *See id.*; *Pitts*, 709 S.W.3d at 523.

Further, in a case where a plaintiff mistakenly filed suit directly against a governmental unit's agent for service of process instead of the unit, our sister court of appeals held the suit was not barred by limitations because the unit had notice of the suit and was not disadvantaged. *See Wright v. Tex. Dept. of Crim. Just.-Institutional Div.*, 68 S.W.3d 788, 791 (Tex. App.—Houston [14th Dist.] 2001, no pet.). While that matter was a misidentification case, we still find this reasoning persuasive in consideration of how to construe Leon's pleading. Here, Corpus Christi had notice of the suit and the factual nature of the claims, was a party from the beginning of litigation, and, thus, was not disadvantaged. *See id.*

Having determined Leon's original petition effectively asserted a negligence claim against Corpus Christi, we review the relation-back doctrine. "Texas courts apply a two-pronged test to determine whether an amended pleading relates back to an earlier pleading for purposes of limitations." *Goss*, 391 S.W.3d at 174–75. The original cause of action must not have been time-barred when filed and the amended grounds of liability cannot be "based on a new, distinct, or different transaction or occurrence." *Id.* at 175.

However, "[t]he relation-back doctrine cannot be used to create jurisdiction where none existed." *Lewis*, 2025 WL 2783559, at *7. If the trial court lacked jurisdiction over the original suit, the "original petition was a nullity and could neither toll limitations nor create subject matter jurisdiction" over the amended petition. *Goss*, 391 S.W.3d at 175.

Applying this test, we determine Leon's original petition established the trial court's subject-matter jurisdiction and was not a nullity. *See id.* Leon's amended petition is valid under the relation-back doctrine because the original negligence claim was not time-barred when filed and is not based on a different occurrence, as all of Leon's claims are based on the September 2022 car accident. *See id.*; *Lewis*, 2025 WL 2783559, at *7. Leon clarifying the only valid party he could sue was the subject of his claims does not defeat his earlier factual allegations that Lopez was acting in the scope of Lopez's employment with Corpus Christi when Lopez committed the alleged negligent act— bringing this case squarely within the waiver of immunity under the TTCA.

While limitations is jurisdictional in the plea to the jurisdiction context, our determination that the original petition timely established the subject-matter jurisdiction of the trial court resolves this issue. *See Tucker*, 622 S.W.3d at 407. The relation-back doctrine is not creating jurisdiction here because Leon timely filed his suit prior to limitations running and put Corpus Christi on notice of the nature of his claims that Lopez was negligent while driving in the course of his employment with Corpus Christi. *See id.*; *see also Lewis*, 2025 WL 2783559, at *7. Leon met the statutory prerequisite to suit when he timely filed his negligence claim alleging specific facts establishing a waiver of governmental immunity. *See Tucker*, 622 S.W.3d at 407; *Jones*, 8 S.W.3d at 638; *City of Mission v. Cantu*, 89 S.W.3d 795, 803 n.9 (Tex. App—Corpus Christi–Edinburg 2002, no

11

pet.) ("[A] party seeking to establish jurisdiction may not simply plead a general waiver of sovereign immunity under this section but must state a claim for which liability is created under section 101.021.").

Our determination affirms the purpose of statutes of limitations, which is to require "a person to bring suit within a specified time after the cause of action accrues," *Ferrer v. Almanza*, 667 S.W.3d 735, 738 (Tex. 2025), and "to advise the defendant of the claims against him in a timely fashion so that he may prepare his defense and preserve evidence before the lapse of time has rendered this process, difficult, if not impossible." *Broom v. MacMaster*, 992 S.W.2d 659, 664 (Tex. App.—Dallas 1999, no pet.). Here, Leon brought his suit within the specified two-year period and the original petition advised of the factual basis of the claim: the negligence of Corpus Christi's employee Lopez while driving in the scope of his employment. *See Ferrer*, 667 S.W.3d at 738; *Broom*, 992 S.W.2d at 664. Limitations should not enable a party to "lay behind the log" and "wait until a statute runs before disclaiming responsibility and pointing a finger at a related entity that is actually responsible." *Brinker Tex., L.P. v. Looney*, 135 S.W.3d 280, 285 (Tex. App.—Fort Worth 2004, no pet.) (quoting *Craft v. Prestige Furniture, Inc.*, No. 05-98-00380-CV, 2000 WL 566877, at *3 (Tex. App.—Dallas Apr. 26, 2000, no pet.) (not designated for publication)). To be clear, these equitable concerns do not control the day because limitations is a jurisdictional matter in this context, but the equitable concerns surrounding statutes of limitations further support why Leon's suit should not be barred by limitations under these facts. *See Tucker*, 622 S.W.3d at 407; *see also Brinker Tex.*, 135 S.W.3d at 285; *Goss*, 391 S.W.3d at 174 (holding equitable tolling doctrine does not apply to claims against governmental units).

We sustain Leon's sole issue.

### III.     CONCLUSION

We reverse the trial court's grant of the amended plea to the jurisdiction as it relates to the negligence claim only, affirm the trial court's dismissal of the remaining claims, and remand for further proceedings.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
16th day of July, 2026.

13